1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

THE HONORABLE _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

MEGHAN COTTON, Individually and on
Behalf of All Others Similarly Situated,

                                    Plaintiff,

        v.

MRAE, LLC, MICHELLE EBERT and
FRANK COLACURCIO, JR.,

                                    Defendant.

NO. 2:22-cv-432

**ORIGINAL COMPLAINT—
COLLECTIVE ACTION**

17

18

19

20

21

22

        Plaintiff Meghan Cotton ("Plaintiff"), individually and on behalf of all others similarly

situated, by and through her attorney April Rhéaume of Sanford Law Firm, PLLC, for her

Original Complaint—Collective Action ("Complaint") against Defendants MRAE, LLC,

Michelle Ebert and Frank Colacurcio, Jr. (collectively "Defendants" or "Defendant"), states

and alleges as follows:

23

## I.       PRELIMINARY STATEMENTS

24

25

26

        1.       This is a collective action brought by Plaintiff, individually and on behalf of all

others similarly situated, against Defendant for violations of the overtime provisions of the Fair

Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the provisions of the

SANFORD LAW FIRM, PLLC
KIRKPATRICK PLAZA
10800 FINANCIAL CENTRE PARKWAY, SUITE 510
LITTLE ROCK, ARKANSAS 72211
(800) 615-4946

Washington Minimum Wage Act, RCW 49.46.010, *et seq.*, and Washington Rebate Act, RCW 49.52.050 (collectively, the "Washington Acts").

2.      Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policy and practice of failing to pay proper overtime compensation under the FLSA and the Washington Acts.

## II.      JURISDICTION AND VENUE

3.      The United States District Court for the Western District of Washington has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.      This Complaint also alleges violations of the Washington Acts, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's Washington state law claims pursuant to 28 U.S.C. § 1367(a).

5.      Plaintiff was employed by and performed work for Defendant in King County. Therefore, venue is proper within the Seattle Division of the Western District of Washington pursuant to 28 U.S.C. § 1391.

## III.      THE PARTIES

6.      Plaintiff is an individual and resident of King County.

7.      Separate Defendant MRAE, LLC ("MRAE"), is a domestic limited liability company.

8.      MRAE's registered agent for service of process is Phil Tavel, at 10019 33rd Avenue SW, Seattle, Washington 98146.

SANFORD LAW FIRM, PLLC
KIRKPATRICK PLAZA
10800 FINANCIAL CENTRE PARKWAY, SUITE 510
LITTLE ROCK, ARKANSAS 72211
(800) 615-4946

9.     MRAE does business as Kittens Cabaret.

10.    Separate Defendant Michelle Ebert ("Ebert") is an individual and resident of Washington.

11.    Separate Defendant Frank Colacurcio, Jr. ("Colacurcio"), is an individual and resident of Washington.

12.    Colacurcio does business as Talents West.

### IV.    FACTUAL ALLEGATIONS

13.    Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

14.    Ebert is a principal, director, officer, and/or owner MRAE.

15.    Ebert, in her role as an operating employer of MRAE, had the power to hire and fire Plaintiff, often exercised supervisory authority over Plaintiff's work, including the day-to-day job duties that Plaintiff's job entailed, determined her work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

16.    Ebert took an active role in operating MRAE and in the management thereof.

17.    Upon information and belief, Colacurcio operates Talents West as a business even though Talents West is not registered with the Washington Secretary of State.

18.    Colacurcio, doing business as Talents West, works with MRAE in assisting with hiring, firing and discipline of MRAE's employees.

19.    Colacurcio exercised supervisory authority over Plaintiff's work, including Plaintiff's day-to-day employment conditions, had the power to hire, fire and discipline Plaintiff, and made decisions regarding Plaintiff's pay, or lack thereof.

Page 3

SANFORD LAW FIRM, PLLC
KIRKPATRICK PLAZA
10800 FINANCIAL CENTRE PARKWAY, SUITE 510
LITTLE ROCK, ARKANSAS 72211
(800) 615-4946

20.     Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

21.      Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

22.     At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA and the Washington Statutes.

23.     Defendant employed Plaintiff as a Dancer from 2003 until March of 2020.

24.     Defendant classified Plaintiff as an independent contractor, exempt from the overtime requirements of the FLSA.

25.     Defendant also employed other Dancers.

26.     Defendant also classified other Dancers as independent contractors.

27.     Plaintiff performed stage dances and lap dances on Defendant's premises.

28.     Other Dancers had the same or similar duties as Plaintiffs.

29.     Defendant directly hired Plaintiff and other Dancers, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

30.     Plaintiffs and other Dancers did not financially invest in Defendants' clubs.

31.     Defendants owned the clubs at which Plaintiffs and other Dancers performed.

32.     Plaintiff and other Dancers did not share in Defendants' profits or losses.

SANFORD LAW FIRM, PLLC
KIRKPATRICK PLAZA
10800 FINANCIAL CENTRE PARKWAY, SUITE 510
LITTLE ROCK, ARKANSAS 72211
(800) 615-4946

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

33.    Defendants, not Plaintiff or other Dancers, set prices for lap dances and private dances.

34.    Defendant determined Plaintiff's and other Dancers' pay scale for services without input from or negotiation with Plaintiff and other Dancers.

35.    Defendant, not Plaintiff or other Dancers, decided whether and how many Dancers to hire.

36.    Plaintiff and other Dancers did not select any employees for hire, nor did they have any ability to fire employees.

37.    Plaintiff and other Dancers did not have any control of or authority over any employee's rate of pay or working hours.

38.    Defendants set policies and rules and had complete control over the venue.

39.    Defendants required Plaintiff and other Dancers to follow Club policies and rules.

40.    Defendants made decisions regarding advertising without Plaintiff's and other Dancers' input.

41.    Defendant failed to pay Plaintiff and other Dancers the applicable minimum wage for hours worked up to 40 each week, and failed to pay Plaintiff and other Dancers 1.5x their base hourly rate for each hour worked over 40 each week.

42.    Upon information and belief, Defendant did not pay Plaintiff and other Dancers an hourly or salary rate.

43.    Plaintiff and other Dancers received tips from Defendant's customers.

SANFORD LAW FIRM, PLLC
KIRKPATRICK PLAZA
10800 FINANCIAL CENTRE PARKWAY, SUITE 510
LITTLE ROCK, ARKANSAS 72211
(800) 615-4946

44.     Plaintiff and other Dancers were required to share their tips with Defendant, managers and other employees who did not "customarily and regularly receive tips" within the meaning of 29 U.S.C. § 203(m).

45.     Defendant required Plaintiff and other Dancers to "rent" space to dance.

46.     If Plaintiff or other Dancers left the club even for just a few minutes, they were required to pay a re-entry rental fee.

47.     Defendant occasionally double-charged Plaintiff and other Dancers for rent.

48.     Plaintiff sometimes did not make enough in tips to cover Defendant's rental fee.

49.     The tips Plaintiff and other Dancers were allowed to keep constituted the entirety of their pay.

50.     Plaintiff occasionally worked over 40 hours in a week for Defendant.

51.     Upon information and belief, other Dancers regularly or occasionally worked over 40 hours per week for Defendant.

52.     At all relevant times, Defendant knew or should have known that the FLSA applied to the operation of an adult entertainment club. Defendant knew of or should have been aware of previous litigation and enforcement actions relating to wage and hour violations where the misclassification of dancers as independent contractors under the FLSA was challenged.

53.     Plaintiff and other Dancers are entitled to wages and compensation based on the standard minimum wage for all hours worked.

54.     Upon information and belief, the pay practices that violate the FLSA alleged herein were the same at all of Defendant's facilities because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

SANFORD LAW FIRM, PLLC
KIRKPATRICK PLAZA
10800 FINANCIAL CENTRE PARKWAY, SUITE 510
LITTLE ROCK, ARKANSAS 72211
(800) 615-4946

55.    Defendant did not provide Plaintiff with rest breaks as required by the Washington Statutes.

56.    Defendant did not provide Plaintiff with thirty-minute lunch breaks as required by the Washington Statutes.

57.    Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiff and other Dancers violated the FLSA and the Washington Acts.

## V.    REPRESENTATIVE ACTION ALLEGATIONS

58.    Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

59.    Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.    Regular wages and overtime premiums for all hours worked over forty hours in any week;

B.    Liquidated damages; and

C.    Attorney's fees and costs.

60.    Plaintiff proposes the following collective under the FLSA:

**All Dancers within the past three years.**

61.    In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

SANFORD LAW FIRM, PLLC
KIRKPATRICK PLAZA
10800 FINANCIAL CENTRE PARKWAY, SUITE 510
LITTLE ROCK, ARKANSAS 72211
(800) 615-4946

62.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

63.     The members of the proposed FLSA collective are similarly situated in that they share these traits:

A.     They were paid in tips;

B.     They were subject to Defendant's common policy of classifying them as "independent contractors;"

C.     They were not paid a sufficient minimum wage or overtime premium;

D.     They had the same or substantially similar job duties and requirements; and

E.     They were subject to numerous other policies and practices as described above.

64.     Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds two hundred (200) persons.

65.     Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

66.     The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

67.     The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.     FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

68.     Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

SANFORD LAW FIRM, PLLC
KIRKPATRICK PLAZA
10800 FINANCIAL CENTRE PARKWAY, SUITE 510
LITTLE ROCK, ARKANSAS 72211
(800) 615-4946

69.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

70.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

71.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5 times their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

72.     Defendant misclassified Plaintiff as nexempt from the requirements of the FLSA.

73.     Despite Plaintiff's entitlement to overtime payments under the FLSA, Defendant failed to pay Plaintiff 1.5 times her regular rate for all hours worked in excess of 40 per week.

74.     Defendant failed to pay Plaintiff a lawful minimum wage.

75.     Defendant knew or should have known that its actions violated the FLSA.

76.     Defendant's conduct and practices, as described above, were willful.

77.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

78.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid

SANFORD LAW FIRM, PLLC
KIRKPATRICK PLAZA
10800 FINANCIAL CENTRE PARKWAY, SUITE 510
LITTLE ROCK, ARKANSAS 72211
(800) 615-4946

overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

79.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

80.     Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

81.     Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

82.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

83.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5 times their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

84.     Defendant classified Plaintiff and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

85.     Defendant failed to pay Plaintiff and similarly situated employees 1.5 times their regular rate for all hours worked in excess of 40 per week.

86.     Defendant failed to pay Plaintiff and similarly situated employees a lawful minimum wage.

SANFORD LAW FIRM, PLLC
KIRKPATRICK PLAZA
10800 FINANCIAL CENTRE PARKWAY, SUITE 510
LITTLE ROCK, ARKANSAS 72211
(800) 615-4946

87.    Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

88.    Defendant knew or should have known that its actions violated the FLSA.

89.    Defendant's conduct and practices, as described above, were willful.

90.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

91.    Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

92.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.    THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the Washington Acts)

93.    Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

94.    The Washington Minimum Wage Act ("MWA"), provides that all nonexempt employees are required to be paid at or above the applicable minimum wage rate for all hours worked. RCW 49.46.020.

Original Complaint—Collective Action
Page 11

SANFORD LAW FIRM, PLLC
KIRKPATRICK PLAZA
10800 FINANCIAL CENTRE PARKWAY, SUITE 510
LITTLE ROCK, ARKANSAS 72211
(800) 615-4946

95.     All hours worked over 40 in a workweek must be paid at 1.5 times the nonexempt employee's regular rate of pay. *See* RCW 49.46.130(1).

96.     "No employee shall be required to work more than five consecutive hours without a meal period." WAC 296-126-092(2). A violation of the meal period requirement is "a wage violation." *Hill v. Garda CL Nw., Inc*., 198 Wn. App. 326, 360-61 (2017). Similarly, an employee must be provided with ten-minute paid rest break for every four hours worked and must not work more than three consecutive hours without a rest break. WAC 296-126-092(4). A denial of compliant rest breaks is also a wage violation. *Wingert v. Yellow Freight Sys., Inc.*, 146 Wn.2d 841 (2002).

97.     The meal break may be unpaid if the worker receives an uninterrupted meal period of at least 30 minutes during which they are completely relieved of work duties. However, if the employer intrudes upon or infringes the mandatory thirty-minute term to any extent, workers are owed compensation for the full thirty-minute period. *Alvarez v. IBP, Inc.*, 339 F.3d 894, 913-914 (9th Cir. 2003); L&I Admin. Policy ES.C.6.1 at 3-4.

98.     The Washington Wage Rebate Act, Wash. Rev. Code § 49.52.050, provides in relevant part that any employer who "willfully and with intent to deprive the employee of any part of his wage, shall pay any employee a lower wage than such employer is obligated to pay such employee by any statute, ordinance or contract" shall be guilty of a misdemeanor. There is a presumption that any underpayment of an employee's wages was willful. Wash. Rev. Code § 49.52.080.

99.     Wash Rev. Code § 49.52.070 provides that any employer who violates the provisions of Wash. Rev. Code § 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, and attorneys' fees and costs

SANFORD LAW FIRM, PLLC
KIRKPATRICK PLAZA
10800 FINANCIAL CENTRE PARKWAY, SUITE 510
LITTLE ROCK, ARKANSAS 72211
(800) 615-4946

100.    The Wage Rebate Act entitles an employee to recover "twice the amount of the wages unlawfully rebated or withheld by way of exemplary damages, together with the costs of suit and a reasonable sum for attorney's fees." RCW 49.52.070.

101.    Defendant acted willfully in violating the Washington state laws discussed herein and Plaintiff is entitled to double the actual damages. RCW 49.52.070.

102.    In failing to compensate Plaintiff at 1.5 times her regular rate for all hours worked over 40 each week, Defendant violated the Washington state laws referenced above.

103.    In failing to provide Plaintiff with lunch breaks and rest breaks, Defendant violated the Washington state laws referenced above.

104.    Plaintiff has and will continue to suffer loss of income and other damages. Accordingly, Plaintiff is entitled to recover unpaid wages owed, liquidated damages, attorneys' fees and other appropriate relief under Washington state laws.

### IX.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Meghan Cotton, individually and on behalf of all others similarly situated, respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.    Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the Washington Acts and their related regulations;

B.    Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.    Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid wages under the FLSA, the Washington Acts and their related regulations;

SANFORD LAW FIRM, PLLC
KIRKPATRICK PLAZA
10800 FINANCIAL CENTRE PARKWAY, SUITE 510
LITTLE ROCK, ARKANSAS 72211
(800) 615-4946

1        D.      Judgment for liquidated damages owed to Plaintiff and all others similarly

2  situated pursuant to the FLSA, the Washington Acts and their related regulations;

3        E.      An order directing Defendant to pay Plaintiff and all others similarly situated

4  interest, a reasonable attorney's fee and all costs connected with this action; and

5  Such other and further relief as this Court may deem just and proper.

6

7                                  Respectfully submitted,

8                                **MEGHAN COTTON, Individually**
                                **and on Behalf of All Others**

9                                **Similarly Situated, PLAINTIFF**

10                              SANFORD LAW FIRM, PLLC
                              Kirkpatrick Plaza

11                              10800 Financial Centre Pkwy, Suite 510
                              Little Rock, Arkansas 72211

12                              Telephone: (800) 615-4946
                              Facsimile: (888) 787-2040

13

14                              April Rhéaume
                              Wash. Bar No. 57119

15                              april@sanfordlawfirm.com

16

17

18

19

20

21

22

23

24

25

26

SANFORD LAW FIRM, PLLC
KIRKPATRICK PLAZA
10800 FINANCIAL CENTRE PARKWAY, SUITE 510
LITTLE ROCK, ARKANSAS 72211
(800) 615-4946